# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ROBERT LANCE WALKER                                          PLAINTIFF

v.                              No. 3:16-cv-275-DPM

LARRY MILLS,
Sheriff, Poinsett County                                    DEFENDANT


## ORDER

1. Motion to proceed *in forma pauperis*, № 1, granted. Walker must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court won't assess an initial partial filing fee because Walker can't afford to pay one. But his custodian must collect monthly payments from Walker's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Walker's behalf must be clearly identified by case name and case number.

2. The Court directs the Clerk to send a copy of this order to the Poinsett County Sheriff at the Poinsett County Detention Center, 1500 Justice Drive, Harrisburg, Arkansas, 72432.

3. Walker is in jail awaiting trial on criminal charges. Construed liberally, Walker's complaint makes claims against Sheriff Mills, Judge Ron Hunter, and public defender Joseph Hughes. № 2 at 4, 6-8. Walker believes Judge Hunter set his bond too high and that Hughes violated his speedy trial rights. The Court must abstain from proceeding with Walker's federal case, though, because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Walker may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). This case must, therefore, be put on hold until there's a final disposition of Walker's pending state charges. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

\* \* \*

This case is stayed.  Walker can move to reopen this case after final disposition of his state case, including any appeal.  Any motion to reopen must be filed within sixty days of that final disposition.  If Walker doesn't file a timely motion to reopen or a status report by 14 November 2017, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_14 November 2016_